CA 04 276 T

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

William Maynes

Plaintiff

V. C.A. NO.: 04-

Arthur Burton, James Campbell and
Etsuko Zuczek, in her capacity as Treasurer of
The Town of Westerly

July 7, 2004

Defendants

# COMPLAINT

## INTRODUCTION:

1. This is an action to address the deprivation by the defendants of rights secured to the plaintiff, William Maynes, by the Constitution and laws of the United States and the State of Rhode Island and to address other State-law based tort claims of the plaintiff, William Maynes against the individual defendants and the Westerly Police Department.

2. Jurisdiction of the court is invoked under the provisions of Sections 1983 and 1988 of Title 42 of the United States Code and this court's pendent jurisdiction of the plaintiff's state law claims.

3. At all pertinent times, the defendants, Arthur Burton and James Campbell, were law enforcement officers of the Westerly Police Department.

Jury trial requested

4. At all pertinent times, the individual defendants were acting in their official and individual capacities. They are sued in their individual capacities.

5. At all pertinent times, the individual defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs and usages of the State of Rhode Island and the Town of Westerly.

6. At all pertinent times, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other individual defendant, but each individual defendant failed and refused to perform such duty, thereby proximately causing the injuries to the plaintiff which will be more particularly described below.

**Count I – Constitutional violations of Arthur Burton and James Campbell**

1. The plaintiff, William Maynes, hereinafter referred to as the "plaintiff" is a resident of the Town of Vernon, State of Connecticut and is a citizen of the United States.

2. On December 27, 2003, the plaintiff was operating his vehicle on Route 1 in the Town of Westerly searching for Urso Drive.



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

3. At that time and place he pulled his vehicle up to Officer Arthur Burton's police cruiser which was parked at Dunns Corners in order to ask Officer Burton for directions to Urso Drive.

4. Officer Burton provided the plaintiff with directions to Urso Drive and the plaintiff departed Officer Burton's vicinity to go there.

5. Several minutes later, the plaintiff gave up on locating the house he sought on Urso Drive and attempted to return to his home. When the plaintiff reached the intersection known as Dunn's Corners, he was pulled over by Officer Burton without any reasonable and articulable suspicion by Officer Burton of criminal activity or illegal driving on the part of the plaintiff that would have permitted the stop and without any probable cause for an arrest of the plaintiff.

6. Officer Burton suggested to the plaintiff that he had run the stop sign at the intersection of Argyle and Route 1, and when the plaintiff denied it, Officer Burton suggested that the plaintiff had been operating his vehicle in excess of the speed limit on Route 1, which was also denied by the plaintiff.

7. Officer Burton began screaming at the plaintiff and ordering him out of the car. Within seconds, the police cruiser operated by defendant James Campbell arrived.

8. The plaintiff was ordered by Burton to stand in public view in the Dunn's Corner's Fire Department lot with his hands against Burton's cruiser roof and his legs spread apart. The plaintiff complied but Campbell nonetheless slapped his



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

arms further apart, shoved the plaintiff against the side of the cruiser, and kicked the plaintiff's feet further apart.

9. While the plaintiff was in that position, Burton and Campbell ransacked his vehicle. During the course of the search, they went through the plaintiff's wallet and shouted at the plaintiff that he was in legal trouble and that they were going to "lose him in the ACI", and shouted obscenities at him while the plaintiff stood against the cruiser.

10. After several minutes of turning the plaintiff's vehicle upside down, Officer Burton without warning came up from behind the plaintiff, grabbed his left arm and yanked it to around his back, doing likewise with his right arm, and handcuffed him.

11. The force exerted upon the plaintiff's left arm injured the plaintiff's left shoulder. The defendant Burton then forced the plaintiff into the back seat while simultaneously yelling at him that he "wasn't under arrest".

12. Officers Burton and Campbell finished searching the car, returned to the cruiser that was holding the plaintiff, and Burton removed the plaintiff from the vehicle and patted the plaintiff down.

13. The officers then removed the handcuffs and told the plaintiff he was free to go , explaining that they were "giving him a break this time". The plaintiff was not issued a citation for speeding or for failing to obey a stop sign.



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

14. The plaintiff went the Westerly Police Department to complain about the actions of the police officers.

15. Corporal Williams of the Westerly Police Department listened to his complaint and, on information and belief, advised Campbell and Burton that if they had done anything which would call for an apology to the plaintiff that they should, in fact, apologize.

16. The next day, Officer Burton called the plaintiff and apologized for his actions.

17. The plaintiff responded in words to the effect that an apology "wasn't going to do it" at that point.

18. At that juncture, Burton informed the plaintiff that the officers had found drugs in the cruiser after the plaintiff left.

19. The plaintiff went back to the Westerly Police Department and advised Corporal Williams that Officer Burton had attempted to blackmail him with his false assertion that the plaintiff had left drugs in the cruiser. The plaintiff filed a "Citizens Complaint".

20. Subsequent to these events, meetings were conducted among Sergeant Lacey of the Westerly Police Department, Officers Burton, Officer Campbell and the plaintiff.

21. At these meetings, the defendants Burton and Campbell admitted to their harassment of the plaintiff and admitted that it had occurred because they believed



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

the plaintiff had left drugs in Campbell's cruiser during a prior traffic stop in May of 2003, and that Campbell had been embarrassed by his failure to detect them. The plaintiff had left no drugs in Campbell's vehicle during the traffic stop in May.

22. On information and belief, no disciplinary action has been taken against either officer notwithstanding they admitted to their actions to their supervisor, Sergeant Lacey.

23. The initial stop of Maynes by Officer Burton was pretextual and not for any legitimate law enforcement purpose and was, therefore, a violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

24. The search of the plaintiff's automobile by Officers Campbell and Burton, the search of his person, and the search of his wallet were conducted without a reasonable and articulable suspicion of criminal activity and without probable cause, and were conducted for no legal purpose in violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

25. The actions of the police officers in screaming at the plaintiff, Campbell's kicking his ankles, slapping his arms, shoving him, and Burton's wrenching of the plaintiff's left arm around to his back were exercises of excessive and



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

unreasonable force and were a violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

26. The forcing of the plaintiff into the back of the defendant Burton's cruiser by Burton was a violation of the plaintiff's right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

**Count II – Defendant Burton' Negligent Infliction of Emotional Distress**

1. – 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The actions of Burton as described above constitute a negligent infliction of emotional distress upon the plaintiff.

28. The plaintiff has suffered serious emotional harm accompanied by some physical manifestation of his distress as a result of the defendant Burton's negligence.

**Count III – Defendant Campbell's Negligent Infliction of Emotional Distress**

1. – 26. Paragraphs 1 - 26 of Count I are re-alleged as if fully set forth below.

27. The actions of Campbell as described above constitute a negligent infliction of emotional distress upon the plaintiff.

28. The plaintiff has suffered serious emotional harm accompanied by some physical manifestation of his distress as a result of the defendant Campbell's negligence.



MICHAEL BRADLEY • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

**Count IV - Defendant Burton's Negligent Infliction of Emotional Distress**

1. – 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The conduct of Burton was intentional or in reckless disregard of the probability of causing emotional distress to the plaintiff.

28. The conduct was extreme and outrageous.

29. The wrongful conduct of Burton was the proximate cause of the plaintiff's emotional distress.

30. The plaintiff's emotional distress was severe.

**Count V – Defendant Campbell's Negligent Infliction of Emotional Distress**

1. - 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The conduct of Campbell was intentional or in reckless disregard of the probability of causing emotional distress to the plaintiff.

28. The conduct was extreme and outrageous.

29. The wrongful conduct of Campbell was the proximate cause of the plaintiff's emotional distress.

30. The plaintiff's emotional distress was severe.



MICHAEL BRADLEY • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

**Count VI – False Imprisonment by Defendant Burton**

1. - 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The actions of Burton constituted false imprisonment of the plaintiff in that he was unlawfully detained without his consent to the plaintiff.

**Count VII – False Imprisonment by Defendant Campbell**

1. – 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The actions of Campbell constituted false imprisonment of the plaintiff in that he was unlawfully detained without his consent.

**Count VIII – Assault and Battery by Defendant Burton**

1. – 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The actions of Burton constituted an assault and battery upon the plaintiff because of the unlawful touching by Burton of the plaintiff's person.

**Count IX – Assault and Battery by Defendant Campbell**

1. – 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The actions of Campbell constituted an assault and battery upon the plaintiff because of the unlawful touching by Campbell of the plaintiff's person.



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

**Count X – Etsuko Zuczek, in her capacity as Treasurer of The Town of Westerly - Monell Liability**

1. – 26. Paragraphs 1-26 of Count I are re-alleged as if fully set forth below.

27. The unconstitutional actions of the defendants Burton and Campbell were proximately caused by the failure of the Westerly Police Department to properly train them with respect to the rights of citizens to be free from unreasonable searches and seizures, its failure to supervise them, and its tolerance, encouragement and ratification of illegal and unconstitutional police practices not only by these officers but by other officers employed by the Westerly Police Department.

28. The failure of the Westerly Police Department to provide adequate supervision and training as well as its tolerance and ratification of such illegal actions on the part of the defendants Burton and Campbell and other officers of the Westerly Police Department constitute deliberate indifference to the constitutional rights of the plaintiff and the public at large and proximately caused the injuries to the plaintiff for which the plaintiff claims damages.

**Count XI – Negligence Burton**

1. – 11. Paragraphs 1 – 11 of Count I are re-alleged as if fully set forth below.



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

12. The actions of Officer Burton in yanking the plaintiff's arms forcefully behind his back and without warning were negligent.

13. The actions by Burton proximately caused the plaintiff's injury to his left shoulder.

**Count XII – Etsuko Zuczek, in her capacity as Treasurer of The Town of Westerly - Respondeat Superior**

1. Etsuko Zuczek, in her capacity as Treasurer of The Town of Westerly, is vicariously liable for the tortious actions of the defendants Burton and Campbell as described in Counts II through IX and Count XI pursuant to the doctrine of Respondeat Superior.

WHEREFORE, the plaintiff claims:

1. Damages;
2. Punitive damages for the reckless, willfull and deliberately indifferent deprivation of the plaintiff's constitutional rights by the defendants;
3. Attorneys fees pursuant 42 USC § 1988;
4. Punitive damages pursuant to Rhode Island Common Law for the willful, reckless and deliberately indifferent actions of the defendants;
5. Prejudgment interest;
6. Costs.



**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

The Plaintiff,

BY: ______________________

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891
(401)596-0808
Federal Bar No.: 3551