**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-276T |
| Arthur Burton, et al. | : | |
| Defendants | : | |

**MOTION TO QUASH SUBPOENA**
**OR IN THE ALTERNATIVE**
**MOTION FOR PROTECTIVE ORDER**

Now comes counsel for the Rhode Island State Police and pursuant to Federal Rules of Civil Procedure 45(C) hereby moves this Court to Quash the Subpoena at issue herein (copy hereto attached) or in the alternative moves for a protective order limiting the scope of disclosure consistent with Federal and State law. The grounds for this Motion are more fully set forth in the State's Memorandum of Law submitted herewith.

Respectfully Submitted,

STATE OF RHODE ISLAND
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Richard B. Woolley

Richard B. Woolley #1452
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995

17

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 15th day of April, 2005 to those indicated below:

Carol Collins

Charles Michael Bradley
39 Grove Avenue
Westerly, RI 02891

Michael J. Colucci, Esq.
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886

12 3:20
ED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-276T |
| Arthur Burton, et al. | : | |
| Defendants | : | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA**
**OR IN THE ALTERNATIVE**
**MOTION FOR PROTECTIVE ORDER**

On February 2, 2005 Plaintiff's counsel served the attached Subpoena Duces Tecum on the Rhode Island State Police seeking "copies of any and all records kept by the Rhode Island State Police concerning any check or checks run by the Westerly Police Department on the vehicle or person of William Maynes on December 27, 2003."

On February 3, 2005, pursuant to Federal Court Rules of Civil Procedure 45 (C)(2)(b) counsel for the Rhode Island State Police filed an Objection to the Subpoena. Plaintiff's counsel now seeks to compel compliance with this Subpoena.

This Subpoena should be quashed.

I. The Subpoena fails to comply with Federal Rules of Civil Procedure 45(a).

Plaintiff's counsel's homemade subpoena issued "by authority of the State of Rhode Island" and signed by Charles Michael Bradley as "Commissioner of the Superior Court", on its face, fails to comply with the provisions of Federal Rules of Civil Procedure 45 (a)(2) which in relevant part provides "A subpoena for attendance at a

deposition shall issue from the Court for the district designated by the Notice of Deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the Court for the district in which the production or inspection is to be made."

II. The records sought are protected from disclosure by the provisions of 28 U.S.C. 534, R.I.G.L. § 42-28-16 and R.I.G.L. § 38-2-2(4)(D) and are otherwise privileged and protected from disclosure. No exception or waiver applies to these privileges.

Plaintiff seeks to compel disclosure of criminal records checks allegedly made by the Westerly Police. The provisions of 28 U.S.C. 534 Acquisition preservation and exchange of identification records and information; appointment of officials Subpart (A) requires the Attorney General to (1) acquire, collect, classify and preserve identification, criminal identification, crime, and other records and subpart (a)(4) provides for the exchange of such records and information with, and for the official use of authorized officials of the Federal Government, the States, cities and penal and other institutions. Subpart (b) in essense prohibits the exchange of such information with anyone other than authorized officials and provides that "The exchange of records and information authorized by subsection (a)(4) of this section is subject to cancellation if dissemination is made outside the receiving departments or related agencies."

R.I. Gen. Laws § 42-28-16 establishes a Statewide Police Telecommunications System which includes access to the information provided for in 28 U.S.C. 534.

R.I. Gen. Laws § 38-2-2 (4)(D) of the Rhode Island Access to Public Records Act provides that for purposes of this chapter the following records shall not be deemed public:

> (D) All records maintained by law enforcement agencies for criminal law enforcement and all records relating to the detection and investigation of crime, including those maintained on any individual or compiled in the course of a criminal investigation by any law enforcement agency. Provided, however, such records shall not be deemed public only to the extent that the disclosure of the records or information (a) could reasonably be expected to interfere with investigations of criminal activity or with enforcement proceedings, (b) would deprive a person of a right to a fair trial or an impartial adjudication, (c) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (d) could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority, or any private institution which furnished information on a confidential basis, or the information furnished by a confidential source, (e) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions or (f) could reasonably be expected to endanger the life or physical safety of any individual. Records relating to management and direction of a law enforcement agency and records or reports reflecting the initial arrest of an adult and the charge or charges brought against an adult shall be public.

The records sought by Plaintiff are protected from disclosure.

**WHEREFORE**, the Rhode Island State Police respectfully requests that the Subpoena be quashed or in the alternative that any disclosure be limited so as to comply with Federal and State law.

Respectfully Submitted,

STATE OF RHODE ISLAND
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Richard B. Woolley

Richard B. Woolley #1452
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 15th day of April, 2005 to those indicated below:

Carol Collins

Charles Michael Bradley
39 Grove Avenue
Westerly, RI 02891

Michael J. Colucci, Esq.
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886

FILED