MJC:ljc 6615/5 \pleading\66155MotionForProtectiveOrder

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS**

Now comes the defendants, and move that this Court issue an order precluding the following depositions from going forward on the dates scheduled. Defendants request that they be rescheduled to a date after June 1, 2005.

Additionally, with respect to deponent Renato Garcia (a person confined to prison), the defendants object and move to preclude his deposition from going forward, until such time as the plaintiff obtains the proper court order from this Court allowing the same.

Howard Mills, May 18, 2005;

David Westervelt, May 18, 2005;

Renato Garcia, May 24, 2005; and

Stephen Baker, May 25, 2005.

In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

31

**CERTIFICATE OF GOOD FAITH**

The undersigned hereby certifies that he attempted, in good faith, to resolve the issues which are the subject matter of this motion but was not able to do so.

Michael J. Colucci, Esq. #3302

**CERTIFICATION**

I certify that I sent a true copy of the within on 5.13.05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

MJC:ljc 6615/5 \pleading\66155MemoOfLawProtective

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER RE DEPOSITIONS**

On May 12, 2005, the defendant received nine deposition notices from the plaintiff, listing depositions to take place between the dates of May 18, 2005 and June 9, 2005. Six of those depositions were scheduled to take place between May 18 and May 26, 2005. The certification dates of said notices indicate a certification date of May 8th but, in actuality, they were mailed from Westerly, Rhode Island, to defendants' counsel on May 10, 2005 (see Exhibit 1 - copy of mailing envelope). Defense counsel was previously granted a court excusal for the period of time of May 17, 2005 through May 26, 2005 (see Exhibit 2). Defense counsel will be out of state, on vacation, and unable to attend the depositions as scheduled by the plaintiff.

It should be noted that two of those depositions (Rhode Island Division of Motor Vehicles and Division of Taxation) appear to be records depositions only, and defense counsel will seek to have a colleague "cover" the same. However, those listed in this motion are substantive and require the presence of undersigned counsel.

On May 3, 2005, upon the completion of the plaintiff's deposition of Westerly Police Chief Edward Mello, this very issue was discussed between counsel. Plaintiff's counsel indicated that he

had at least six more depositions that he wanted to schedule. Defense counsel reminded plaintiff's counsel that he was court excused, as indicated above, and requested that any such depositions not be scheduled during that period of time. Plaintiff's counsel indicated his concern of the approaching discovery closure date (June 15, 2005) and refused to accommodate defense counsel's request, forcing the defense to file the within motion for protective order.

It would be fundamentally unfair for these depositions to go forward without the defendants' attorney of record being present. Deponents Mills and Westervelt were dispatchers for the Westerly Police Department and the plaintiff has made communications a key issue in the case. Deponent Baker was the chief of police at the time of the incident in question.

Moreover, with respect to deponent Garcia, Rule 30 of the Federal Rules of Civil Procedure requires that leave of court must be obtained if the person to be examined is confined in prison. The record in this case indicates that no such leave was granted to the plaintiff to take this deposition.

For the above stated reasons, your defendants respectfully request that their motion for protective order be granted.

Respectfully submitted,

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 5 . 13 . 05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

U.S. POSTAGE
PAID
WESTERLY,RI
02891
MAY 10, 05
AMOUNT
$1.29
00067977-21

UNITED STATES POSTAL SERVICE
9261
02886

MICHAEL BRADLEY
*Attorney at Law*
39 GROVE AVENUE
WESTERLY, R.I. 02891

6615/5

Attorney Michael J. Colucci
OLENN & PENZA, LLP
530 Greenwich Ave.
Warwick, RI 02886

EXHIBIT 1

MJC:jlb \pleading\MJCUSDCP05.ple

RECEIVED
MAR 10 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**IN RE:** Michael J. Colucci, Esq. (#3302)

**PETITION FOR COURT EXCUSAL**

Now comes the Petitioner, Michael J. Colucci, Esq., and requests that he be excused from any and all appearances in the United States District Court for the District of Rhode Island for the period set forth below:

1. **Period of Time**: May 17, 2005 through May 26, 2005.
2. **Reason**: Family vacation in the State of Florida, booked in the Fall of 2004.
3. **Cases Pending**: The petitioner has no matters scheduled to be on the trial calendar for the period in question.

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
Phone: (401) 737-3700
Fax: (401) 737-5499

**APPROVED:**

ERNEST C. TORRES, Chief Judge

OK RRL
RONALD R. LAGUEUX, Judge

OK MML
MARY LISI, Judge

OK WES
WILLIAM SMITH, Judge

Dated:__________

GRANTED except as to any emergency matters that may occur during the period of the excuse.

Ernest C. Torres, Chief, U.S. District Judge
Date 3/15/05 By

EXHIBIT 2