MJC:ljc 6615/5 \pleading\66155MFExtOfDisc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM MAYNES :
:
VS. : C.A. NO. 04-276T
:
ARTHUR BURTON, ET AL :

**DEFENDANTS' MOTION FOR EXTENSION OF DISCOVERY CLOSURE DATE**

Now come the defendants and move for a 45 day extension of the discovery closure date, which is currently scheduled for June 15, 2005. The defendants are seeking an extension through July 29, 2005.

In support hereof, a memorandum of law is attached.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DATED: May 13, 2005

**CERTIFICATION**

I certify that I sent a true copy of the within on 5 . 13 . 05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

32

MJC:ljc 6615/5 \pleading\66155MemoMFExt

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF DISCOVERY CLOSURE DATE**

Discovery was originally set to close on April 15, 2005. Prior thereto, the parties had been engaged in on-going discovery, including lengthy interrogatories and requests for documents issued by both sides. Several depositions occurred, often voluminous and including both parties and witnesses. In early March, the plaintiff moved for an extension of the discovery closure date based, in part, on the fact that the plaintiff was still treating for a shoulder injury (torn rotator cuff) allegedly sustained during this incident. The plaintiff's motion was granted, extending the discovery closure date to June 15, 2005. In doing so, the Court did note that it would not grant further extensions. This is the first extension sought by the defense.

Based on the discovery that had already been conducted by the parties, the plaintiff indicated his intent to depose several additional members of the Westerly Police Department, including its present and former police chiefs. Tentative dates for scheduling the same were negotiated between the parties for late March and early April. However, the same had to then be postponed because plaintiff's counsel was reached for trial before this Honorable Court in the matter of *Jennings v. Pare*. Upon the conclusion of that trial, counsel for the parties again began to negotiate additional dates to

conduct the depositions. Again, they had to be postponed when defense counsel was reached before this Honorable Court in the matter of *Briggs v. City of Providence*. The *Briggs* case was empaneled on April 19, 2005, pre-trial motions were heard on April 22, 2005 and trial commenced on April 25, 2005. The same lasted through May 2, 2005. Since then, the parties have been able to secure the deposition of Chief Mello.

The defendant deposed the plaintiff in March of 2005. Information learned at that deposition has resulted in the need for the defense to depose the record keepers for a number of medical facilities (nine) existing mostly in the State of Connecticut. Subpoenas for these physicians and/or facilities were issued in April, 2005 and returnable for May 16, 2005 (because of the requirement for the defense to comply with certain state laws relating to the confidentiality of health care information). Some of these facilities have indicated their willingness to comply with the subpoenas. Others have suggested that they may challenge the same. In addition to the above, counsel for the defense is court excused (in this Court) for the period of May 17, 2005 through May 26, 2005.

The records to be received from these facilities are expected to be quite voluminous and may then require the defense to depose some of the physicians involved therein. Moreover, an independent medical examination of the plaintiff has been scheduled for June 6, 2005 with the defendants' medical expert. In order for the defendants' expert to properly conduct the independent medical examination, he is in need of the previously mentioned records. Assuming the plaintiff's examination goes forward as scheduled, the defense will then seek to depose the plaintiff's medical expert(s) once they have been specified.

In summary, the parties have been engaged in on-going discovery efforts. These efforts intensified over the last several months as information gleaned from the initial discovery requests

manifested itself. There is a genuine concern that the defendants cannot adequately complete their discovery within the currently scheduled time frame. Therefore, the defendants respectfully request that a 45 day extension be granted, which would move the discovery closure date to July 29, 2005.

Respectfully submitted,

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

DATED: May 13, 2005

**CERTIFICATION**

I certify that I sent a true copy of the within on 5.13.05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891