**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | C.A. NO.: 04-276T |
| v. | : | |
| Arthur Burton, et al | : | |
| Defendants | : | May 16, 2005 |

**MOTION PURSUANT TO F.R.C.P. RULE 30 (MOTION FOR LEAVE OF COURT TO TAKE IN EXCESS OF TEN (10) DEPOSITIONS AND TO TAKE DEPOSITION OF RENATO GARCIA, AN INCARCERATED PERSON)**

The plaintiff requests leave of court to take the deposition of an incarcerated person, Renato Garcia, and to take in excess of ten (10) depositions for reasons expressed in the appended Memorandum of Law.

THE PLAINTIFF
WILLIAM MAYNES

BY HIS ATTORNEY

Charles Michael Bradley
39 Grove Ave.
Westerly, RI 02891
(401) 596-0808
Fed. Bar No.: 3551



35

**CERTIFICATION**

I hereby certify that a copy of the foregoing *Motion Pursuant to F.R.C.P. 30 with appended Memorandum of Law* was mailed this 16 day of May, 2005 to the following counsel of record:

Attorney Michael J. Colucci
Olenn & Penza, LLP
530 Greenwich Ave.
Warwick, RI 02886

Michael Bradley

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | C.A. NO.: 04-276T |
| vi. | : | |
| Arthur Burton, et al | : | |
| Defendants | : | May 13, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO F.R.C.P. RULE 30 (MOTION FOR LEAVE OF COURT TO TAKE IN EXCESS OF TEN (10) DEPOSITIONS AND TO TAKE DEPOSITION OF RENATO GARCIA, AN INCARCERATED PERSON)**

Rule 30 requires leave of court absent a written stipulation to take in excess of ten (10) depositions and also requires leave of court in order to take the deposition of an incarcerated person.

The plaintiff has already taken four (4) depositions in this matter and, in light of the information adduced in depositions and in responses to interrogatories and production requests recognizes the need to take depositions of several other persons employed by the Westerly Police Department and several depositions of records keepers of cell phone companies, the Rhode Island Department of Motor Vehicles and the Rhode Island Department of Taxation. These depositions are necessary to cover two major areas of concern with respect to this case. First, the

two officers/defendants in this case have testified that the traffic stop of the plaintiff was above-board, routine and legal, yet the information adduced thus far indicates that the traffic stop of William Maynes was done "off the books" in that the police officers broke with the policy of the Westerly Police Department and failed to report the stop of Maynes and only did report the stop of Maynes when Maynes went into the police station to complain about the stop, causing the desk sergeant to contact the officers and instruct them to call in the stop at that time, albeit belatedly.

The evidence adduced indicates that one officer/defendant explained to the supervisor that he showed up on the scene of the stop when he heard the information concerning the stop over the police radio. He denied hearing that information come in over the radio during his deposition, however. The other officer/defendant, Burton, claimed in his deposition that he called in the stop, although not immediately but rather a few minutes into the stop itself. The records of the Westerly Police Department, on information and belief, indicate that no call was made until the stop was over.

Records from NEXTEL and T-Mobile, copies of which are presently in the hands of the plaintiff, indicate that the two defendant officers communicated on their cell phones in conjunction with the stop of the plaintiff. Moreover, records received from the Rhode Island State Police indicate that a check of the plaintiff's license and registration was run almost one

**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

half hour before he was stopped by the two defendant officers and that another check of his license and registration was run approximately one hour after the stop was over. The plaintiff requires depositions of the records keepers of NEXTEL and T-Mobile to clear the way for the admission of the records into evidence at trial. The records keeper for T-Mobile must be deposed in New Jersey; the records keeper for NEXTEL must be deposed in Virginia. It should also be noted that these records were requested through production requests of both defendants who responded inappropriately by indicating that they, themselves, had requested the records. On information and belief, neither defendant requested the records or, if they did request the records, did not do so in a manner that would have actually led to the receipt of the records since both defendants admit that they did not make a request for the records in writing, which is a requirement of NEXTEL and T-Mobile.

The second issue requiring further depositions in this matter concerns the credibility of Sergeant Shawn Lacey. Sergeant Lacey conducted the internal investigation associated with Maynes' claim that he was stopped illegally. Sergeant Lacey issued a report indicating that Mr. Maynes admitted to him that the search of his person and his vehicle on the date of the incident were both performed with his permission, a contention with which Mr. Maynes vehemently disagrees.

Chief Mello of the Westerly Police Department has affirmed in a deposition that Sergeant Lacey is being investigated in conjunction with his purchase of a Porsche from Renato Garcia, otherwise known as Renskip Motor Sales, Inc. The plaintiff has a reasonable basis for suspecting that Sergeant Lacey participated in the falsification of purchase and sale documents associated with the purchase of the Porsche from Renskip Motor Sales, Inc.

Mr. Garcia has recently pled guilty and has been incarcerated with respect to his activities in the conduct of his business at Renskip Motor Sales, Inc. in which it appeared he was using the auto dealership as an instrument for money laundering in association with drug deals. The plaintiff is not to be construed as making any claims that Sergeant Lacey was involved in any such activities but would also admit that it is an area of inquiry that he intends to enter with respect to Lacey's deposition, as well as that of Renato Garcia.

Finally, the plaintiff needs to depose several other members, past and present, of the Westerly Police Department to complete the discovery in this matter.

The plaintiff estimates the necessity to take four (4) records keeper depositions and four (4) or five (5) depositions of other persons.

WHEREFORE, the plaintiff respectfully requests leave to take the deposition of Renato Garcia, an incarcerated person, and to take in excess of ten (10) depositions.

THE PLAINTIFF,

Charles Michael Bradley
39 Grove Ave.
Westerly, RI 02891
(401)596-0808
Federal Bar No.: 3551