**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**WILLIAM MAYNES** :

**vs.** : **C.A. No.: 04-276T**

**ARTHUR BURTON, ET AL** :

# TAX ADMINISTRATOR'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

R. Gary Clark, Tax Administrator of the State of Rhode Island, respectfully moves this honorable court to quash the subpoena delivered to the administrative office of the Division of Taxation on May 16, 2005 in connection with the above-captioned proceeding. The Tax Administrator further moves for a protective order from the notice of deposition that was delivered along with the subpoena. A copy of the subpoena and notice to take deposition is attached hereto as **EXHIBIT A**. The Tax Administrator's Motions are grounded as follows: (1) Tax Division employees are prohibited by law from testifying or producing the documents called for in the subpoena and deposition; and (2) Enforcement of the subpoena and deposition arbitrarily discriminate against state tax administration.

It is the position of the Tax Administrator that a party requesting tax returns or tax return information must first pursue the request through the Court with proper notice to the taxpayer whose returns are sought.

In support of this motion, the Court is respectfully referred to the supporting memorandum, which is filed herewith.

Respectfully submitted,

37

R. GARY CLARK, TAX ADMINISTRATOR

By his attorneys,

MARCIA MCGAIR IPPOLITO, ESQ.
CHIEF OF LEGAL SERVICES

Date: 5/24/05

James V. Cambio, Esq.
Senior Legal Counsel
RI Division of Legal Services
One Capitol Hill
Providence, RI 02908-5800
Phone: (401) 222-2954
Fax: (401) 222-3145

**CERTIFICATION**

I hereby certify that I caused a copy of the within Motion to be mailed first class postage, prepaid to Charles Michael Bradley, Esq. 39 Grove Avenue, Westerly, RI 02891 and Michael J. Colucci, Esq., 530 Greenwich Avenue, Warwick, RI 02886 on this 25th day of May, 2005.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Legal

**Issued by the**

# UNITED STATES DISTRICT COURT

RECEIVED
MAY 16 2005
R.I. DIVISION OF TAXATION
TAX ADMINISTRATOR

DISTRICT OF
RHODE ISLAND

William Maynes
V.
Arthur Burton, et al.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C.A. No. 04-276T

TO:
Keeper of the Records for the Rhode Island Division of Taxation for the State of Rhode Island

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Copies of any paperwork referable to an automobile transaction between Renskip Motor Sales, Inc. and Shawn Lacey concerning a 1998 Porsche Carrera, model 942, V.I.N. WTOCA2998W8340842.

| PLACE | DATE AND TIME |
|---|---|
| Rhode Island Division of Taxation, One Capitol Hill, Providence, RI | 5/26/05 @ 10 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

A TRUE COPY ATTEST SERVED BY DEPUTY SHERIFF BADGE# 36

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (plaintiff) | May 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Charles Michael Bradley, 39 Grove Ave., Westerly, RI 02891 (401) 596-0808

EXHIBIT A

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | C.A. NO.: 04-276T |
| v. | : | |
| Arthur Burton, et al | : | |
| Defendants | : | May 6, 2005 |

## NOTICE OF DEPOSITION

Please take notice that on Thursday May 26, 2005 at 10:00 a.m. the attorney for the plaintiff will take the deposition of the Keeper of the Records for the Rhode Island Division of Taxation, for purposes of discovery or for use as evidence, or both, before the court reporters of Shea and Driscoll, or other competent authority, at the offices of the Rhode Island Division of Taxation, One Capitol Hill, Providence, RI. The deponent is ordered to bring with him/her to the deposition the following documents:

Copies of any paperwork referable to an automobile transaction between Renskip Motor Sales, Inc. and Shawn Lacey concerning a 1998 Porsche Carrera, model 942, V.I.N. WTOCA2998W8340842.

MICHAEL BRADLEY • ATTORNEY AT LAW
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

THE PLAINTIFF,

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891
(401)596-0808
Federal Bar No.: 3551

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via certified mail, return receipt requested, on this 8 day of May, 2005 to:

Attorney Michael J. Colucci
OLENN & PENZA, LLP
530 Greenwich Ave.
Warwick, RI 02886

Attorney Richard B. Woolley
Special Ass't. Atty. Gen.
155 South Main St.
Providence, RI 02903

Charles Michael Bradley, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM MAYNES** | : | |
| **vs.** | : | **C.A. No.: 04-276T** |
| **ARTHUR BURTON, ET AL** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF TAX ADMINISTRATORS'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

### STATEMENT OF FACTS.

On May 16, 2005 a subpoena and notice to take deposition was delivered to the administrative office of the Rhode Island Division of Taxation. The subpoena and notice to take deposition directs the Keeper of the Records to appear at 10:00 o'clock a.m. on May 26, 2005 at the Rhode Island Division of Taxation, Providence, RI to testify in connection with the instant proceeding and to bring:

*Copies of any paperwork referable to an automobile transaction between Renskip Motor Sales, Inc. and Shawn Lacey concerning a 1998 Porsche Carrera, model 942, V.I.N. WTOCA2998W8340842.*

### CONFIDENTIALITY OF STATE TAX RETURNS.

Rhode Island statutory law plainly and unambiguously mandates that state personal income tax returns be kept confidential. Section 44-30-95 of the Rhode Island Laws, 1956, as amended prescribes in pertinent part:

> **44-30-95. (c) Secrecy Requirement.** – It shall be unlawful for any state official or employee to divulge … in any manner whatever not provided by law the amount of source income … or any particular thereof set forth or disclosed in any return, or to permit any return or copy thereof … to be seen or examined by any person except as provided by law … Any offense against the foregoing provision shall

> be punished by a fine not exceeding one thousand dollars $1,000.) or by imprisonment not exceeding one (1) year, or both, ...; and if the offender be an officer or employee of the state of Rhode Island, he may be dismissed from office or discharged from employment.

The Rhode Island Sales and Use Tax law also plainly and unambiguously prohibits the Tax Administrator or any employee of the State Division of Taxation from the disclosure of sales tax information. The pertinent statute, §44-19-30, provides as follows:

> **44-19-30. Information confidential – Types of disclosure authorized.** – It shall be unlawful, except in proceedings before a court of competent jurisdiction or to collect the taxes or enforce the penalties provided by chapters 18 and 19 of this title for the Tax Administrator or any person having an administrative duty under those chapters to make known in any manner whatever the business affairs, operations, or information obtained by an investigation of records and equipment of any retailer or any other person visited or examined in the discharge of official duty, or the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any return, or to permit any return or copy thereof or any book containing any abstract or particulars thereof to been seen or examined by any person ... (Emphasis added).

Additionally, the Rhode Island Business Corporation Tax law prohibits the Tax Administrator or any employee of the State Division of Taxation from the disclosure of corporate tax information. The pertinent statute, §44-11-21 provides as follows:

> **44-11-21. Information confidential. – Types of disclosure authorized.** – It shall be unlawful for any state official or employee to divulge or to make known to any person in any manner whatever not provided by law the amount or source of income, profits, losses, expenditures, or any particular thereof set forth or disclosed in any return, or to permit any return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; and it shall be unlawful for any person to print or publish in any manner whatever not provided by law any return or any part thereof or source of income, profits, losses, or expenditures appearing in any return. Any offense against the foregoing provision shall be punished by a fine not exceeding one thousand dollars ($1,000.) or by imprisonment not exceeding one (1) year, or both, at the discretion of the court; and if the offender be an officer or employee of the state of Rhode Island, he may be

> dismi d from office or discharged from empl nent; provided, that the tax administrator may authorize examination of such return by the tax official regularly in the employ of another state or of the federal government if a reciprocal arrangement exists. (Emphasis supplied).

The above cited confidentiality statutes contain no exception for materials sought by subpoena.

The Rhode Island Legislature has reinforced the confidential nature of state tax returns in the Access To Public Records Act. Chapter 38-2 memorializes liberal public access to governmental records. Significantly, however, "all tax returns" are excepted from the definition of records open to public inspection. §38-2-2(d)(15). The Tax Administrator asserts that underlying this exception are significant state interests and individual privacy rights.

The legislature has also recognized the confidential nature of tax returns by enacting R.I.G.L. §8-6-2. This statute authorizes the supreme, superior, family and district courts to make rules for regulating practice and procedure. One limitation was placed upon their power however. The statute states, "[p]rovided, however, that each respective court shall not in said rules of procedure require a party to a civil action to produce either by discovery, motion to produce, or interrogatory an income tax return, W-2 statement, or copies thereof."

The subpoena at issue here was not even directed at a party to the District Court matter, but to the Rhode Island Division of Taxation, a disinterested third party. Additionally, it does not seek the return of a party to the litigation, but of a witness.

The Rhode Island Supreme Court visited the issue of subpoenaing tax records from a party to litigation in *DeBiasio v. Gervais Electronics Corp.*, 459 A.2d 941 (1983). The Court stated that "a trial justice will always have to consider the request carefully and to base his decision on a showing of need by the requesting party … [I]n order to obtain production of income tax returns in light of the policies declared by the General Assembly, a party could not utilize the ordinary rules of civil procedure but would need a

specific order of the ( rt to obtain such production." In a fo( ɔte, the court stated that "[t]he requirement of a clear showing of need is in addition to the requirements of relevance and materiality … "Thus, it is abundantly clear that issuing a subpoena to the Division of Taxation is not the appropriate route for a litigant seeking tax returns.

**ENFORCEMENT OF THE CONTROVERTED SUBPOENA WOULD ARBITRARILY DISCRIMINATE AGAINST STATE TAX ADMINISTRATION.**

Tax returns and taxpayer information in the custody of the Tax Administrator would be open to countless subpoenas for every conceivable purpose. The Court's attention is directed to §9-17-3 which empowers any notary public to issue subpoenas to witnesses "in any case, civil or criminal, before any court, and in any matter before any body or person authorized to summon witnesses." Wholesale access by subpoena, as well as nullifying the value of the secrecy provisions, inappropriately places the burden of deterring or contesting abuse upon the Tax Administrator and ultimately the taxpayers of the state. The Tax Administrator is not in a position to raise the issues of need, relevance and materiality of the tax returns to the issues before the court.

Both the state interest in confidentiality of tax returns and individual privacy interests militate against unreasoned disclosure of any tax information.

**CONCLUSION**

For these reasons that Tax Administrator respectfully requests that the subpoena be quashed and protective order issued.

Respectfully submitted,

R. GARY CLARK, TAX ADMINISTRATOR

By his attorneys,

MARCIA MCGAIR IPPOLITO, ESQ.
CHIEF OF LEGAL SERVICES

Date: 5/24/05

James V. Cambio

James V. Cambio, Esq.
Senior Legal Counsel
RI Division of Legal Services
One Capitol Hill
Providence, RI 02908-5800
Phone: (401) 222-2954
Fax: (401) 222-3145

**CERTIFICATION**

I hereby certify that I caused a copy of the within Memorandum to be mailed first class, postage prepaid to Charles Michael Bradley, Esq. 39 Grove Avenue, Westerly, RI 02891 and Michael J. Colucci, Esq., 530 Greenwich Avenue, Warwick, RI 02886 on this 25th day of May, 2005.

James V. Cambio