**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | C.A. NO.: 04-276T |
| v. | : | |
| Arthur Burton, et al. | : | |
| Defendants | : | May 31, 2005 |

**MOTION TO AMEND COMPLAINT**

Pursuant to F.R.C.P. 15, the plaintiff hereby moves for leave to amend his Complaint pursuant to the appended *Amended Complaint*.

**THE PLAINTIFF**

By: [signature]
Charles Michael Bradley
39 Grove Ave.
Westerly, RI 02891
401-596-0808
Fed. Bar #: 3551

**CERTIFICATION**

I hereby certify that a copy of the foregoing *Motion to Amend Complaint* with *Amended Complaint* was mailed this 31 day of May, 2005 to the following counsel of record:

Attorney Michael J. Colucci
Olenn & Penza, LLP
530 Greenwich Ave.
Warwick, RI 02886

Charles Michael Bradley

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| William Maynes | : | |
| Plaintiff | : | C.A. NO.: 04-276T |
| vi. | : | |
| Arthur Burton, et al. | : | |
| Defendants | : | May 31, 2005 |

**AMENDED COMPLAINT**

**INTRODUCTION:**

1. This is an action to address the deprivation by the defendants of rights secured to the plaintiff, William Maynes, by the Constitution of the United States and the State of Rhode Island and to address other State law based tort claims of the plaintiff, William Maynes, against the individual defendants and the Westerly Police Department.

2. Jurisdiction of the court is invoked under the provisions of Sections 1983 and 1988 of Title 42 of the United States Code and this court's pendent jurisdiction of the plaintiff's state law claims.

JURY TRIAL REQUESTED

3. At all pertinent times, the defendants, Arthur Burton and James Campbell, were law enforcement officers of the Westerly Police Department.

4. At all pertinent times, the individual defendants were acting in their official and individual capacities. They are sued in their individual capacities.

5. At all pertinent times, the individual defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs and usages of the State of Rhode Island and the Town of Westerly.

6. At all pertinent times, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other individual defendant, but each individual defendant failed and refused to perform such duty, thereby proximately causing the injuries to the plaintiff which will be more particularly described below.

**COUNT I: CONSTITUTIONAL VIOLATIONS OF ARTHUR BURTON AND JAMES CAMPBELL:**

1. The plaintiff, William Maynes, hereinafter referred to as "the plaintiff" is a resident of the Town of Vernon, State of Connecticut and is a citizen of the United States.

2. On December 27, 2003, the plaintiff was operating his vehicle on Route 1 in the Town of Westerly.

3. At that time and place, he pulled his vehicle up to Officer Arthur Burton's police cruiser which was parked at Dunn's Corners in order to ask Officer Burton for directions to Urso Drive.

4. Officer Burton provided the plaintiff with directions to Urso Drive and the plaintiff departed Officer Burton's vicinity to go there.

5. Several minutes later, the plaintiff gave up on locating the house he sought on Urso Drive and attempted to return to his home. When the plaintiff reached Dunn's Corners, he was pulled over by Officer Burton without any reasonable and articulable suspicion by Officer Burton of criminal activity or illegal driving on the part of the plaintiff or anything that would have legally permitted the stop.

6. Officer Burton suggested to the plaintiff that he had run the stop sign at the intersection of Argyle and Route 1, suggested that the plaintiff had been operating his vehicle in excess of the speed limit, and asked the plaintiff if he had been drinking. The plaintiff had not run the stop sign, had not been operating his vehicle in excess of the speed limit, and had not been drinking.

7. Officer Burton began screaming at the plaintiff and took his wallet from him and ordered him out of the car and searched his wallet. At approximately this juncture, a police cruiser operated by the defendant, James Campbell, arrived on the scene and commenced shouting at the plaintiff.

8. The plaintiff was ordered by Burton to stand in public view of the Dunn's Corners Fire Department lot with his hands against Burton's cruiser roof and his legs spread apart. The plaintiff complied, but Campbell nonetheless slapped his arms further apart, shoved the plaintiff against the side of the cruiser, and kicked the plaintiff's feet further apart.

9. While the plaintiff was in that position, Burton and Campbell searched his vehicle. During the course of the search, they shouted at the plaintiff that he was in legal trouble and that they were going to "lose him in the ACI", and shouted obscenities at him while the plaintiff stood against the cruiser.

10. After several minutes of searching the plaintiff's vehicle, Officer Burton without warning came up from behind the plaintiff, grabbed his left arm and yanked it around his back, doing likewise with his right arm, and handcuffed him.

11. The force exerted upon the plaintiff's left arm injured the plaintiff's left shoulder. The defendant, Burton, then forced the plaintiff into the back seat of the cruiser while simultaneously yelling at him that he "wasn't under arrest".

12. Officers Burton and Campbell finished searching the car, returned to the cruiser that was holding the plaintiff, and Burton removed the plaintiff from the vehicle and patted the plaintiff down.

13. The officers then removed the handcuffs and told the plaintiff he was free to go, explaining that they were "giving him a break this time". The plaintiff was not issued a citation or a warning for speeding, failing to obey a stop sign, or any offense related to drinking.

14. The initial stop of the plaintiff by Officer Burton, with the collaboration of Officer Campbell, was not for any legitimate law enforcement purpose and was a violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

15. The search of the plaintiff's automobile by Officers Campbell and Burton, the search of his person, and the search of his wallet were conducted without a reasonable and articulable suspicion of criminal activity and without probable cause, and were conducted for no legal purpose in violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

16. The actions of the police officers in screaming at the plaintiff, Campbell's kicking his ankles, slapping his arms, shoving him, and Burton's wrenching of the plaintiff's left arm around his back were exercises of excessive and unreasonable force and were a violation of the plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.

17. The forcing of the plaintiff into the back of the defendant Burton's cruiser by Burton was a violation of the plaintiff's right to be free from unreasonable searches and seizures in violation of the Fourth Amendment.

18. As a consequence of the actions of Burton and Campbell, the plaintiff, William Maynes has suffered:

a. an injury to his left shoulder;

b. an abridgement of his Fourth Amendment right to be free from unreasonable searches and seizures and the use of excessive force;

c. physical and emotional pain and suffering, both past and future;

d. past and future lost income;

e. a diminution in his ability to fully enjoy life's activities;

f. invasive surgical procedures;

g. scarring;

h. past and future emotional distress.

**COUNT II: CIVIL RIGHTS PUNITIVE DAMAGES:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of defendants Burton and Campbell were driven by an evil motive or intent and were recklessly or callously indifferent to the rights of the plaintiff Maynes.

**COUNT III: ASSAULT AND BATTERY BY DEFENDANT BURTON:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of Burton constituted an assault and battery upon the plaintiff because of the unlawful touching by Burton of the plaintiff's person.

**COUNT IV: ASSAULT AND BATTERY BY DEFENDANT BURTON (PUNITIVE DAMAGES):**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. Paragraph 19 of Count III is realleged as if fully set forth below.

20. The conduct of the defendant Burton was willful, wanton and reckless as to amount to criminality.

**COUNT V: ASSAULT AND BATTERY BY DEFENDANT CAMPBELL:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of Campbell constituted an assault and battery upon the plaintiff because of the unlawful touching by Campbell of the plaintiff's person.

**COUNT VI: ASSAULT AND BATTERY BY DEFENDANT CAMPBELL (PUNITIVE DAMAGES):**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. Paragraph 19 of Count V is realleged as if fully set forth below.

20. The conduct of the defendant Campbell was willful, wanton and reckless as to amount to criminality.

**COUNT VII: FALSE IMPRISONMENT BY DEFENDANT BURTON:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of Burton constituted false imprisonment of the plaintiff in that he was unlawfully detained without his consent.

**COUNT VIII: FALSE IMPRISONMENT BY DEFENDANT BURTON (PUNITIVE DAMAGES):**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. Paragraph 19 of Count VII is hereby realleged as if fully set forth below.

20. The conduct of the defendant Burton was willful, wanton and reckless as to amount to criminality.

**COUNT IX: FALSE IMPRISONMENT BY DEFENDANT CAMPBELL:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of Campbell constituted false imprisonment of the plaintiff in that he was unlawfully detained without his consent.

**COUNT X: FALSE IMPRISONMENT BY DEFENDANT CAMPBELL (PUNITIVE DAMAGES):**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. Paragraph 19 of Count IX is realleged as if fully set forth below.

20. The conduct of the defendant Campbell was willful, wanton and reckless to amount to criminality.

**COUNT XI: DEFENDANT BURTON'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

1. – 18. Paragraphs 1 – 18 of Count I are hereby realleged as if fully set forth below.

19. The conduct of Burton was intentional or in reckless disregard of the probability of causing emotional distress to the plaintiff.

20. The conduct was extreme and outrageous.

21. The wrongful conduct of Burton was the proximate cause of the plaintiff's emotional distress.

22. The plaintiff's emotional distress was severe.

**COUNT XII: DEFENDANT CAMPBELL'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

1. – 18. Paragraphs 1 – 18 of Count I are hereby realleged as if fully set forth below.

19. The conduct of Campbell was intentional or in reckless disregard of the probability of causing emotional distress to the plaintiff.

20. The conduct was extreme and outrageous.

21. The wrongful conduct of Campbell was the proximate cause of the plaintiff's emotional distress.

22. The plaintiff's emotional distress was severe.

**COUNT XIII: DEFENDANT BURTON'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of Burton as described above constitute a negligent infliction of emotional distress upon the plaintiff.

20. The plaintiff has suffered serious emotional harm accompanied by some physical manifestation of his distress as a result of the defendant Burton's negligence.

**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

**COUNT XIV: DEFENDANT CAMPBELL'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The actions of Campbell as described above constitute a negligent infliction of emotional distress upon the plaintiff.

20. The plaintiff has suffered serious emotional harm accompanied by some physical manifestation of his distress as a result of the defendant Campbell's negligence.

**COUNT XV – AS TO THE NEGLIGENCE OF DEFENDANT BURTON:**

1. – 11. Paragraphs 1 – 11 of Count I are realleged as if fully set forth below.

12. The actions of Officer Burton in pulling the plaintiff's arms forcefully behind his back and without warning were negligent.

13. The actions by Burton proximately caused the plaintiff's injury to his left shoulder.

**COUNT XVI – AS TO THE NEGLIGENCE OF DEFENDANT BURTON (PUNITIVE DAMAGES):**

1. – 11. Paragraphs 1 – 11 of Count I are realleged as if fully set forth below.

12. – 13. Paragraphs 12 – 13 of Count XV are realleged as if fully set forth below.

**MICHAEL BRADLEY** • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

14. As a result of the negligence of the defendant Burton, the plaintiff suffered injury to his left shoulder.

**COUNT XVII: FAILURE TO INTERVENE OF DEFENDANT BURTON:**

1. – 19. Paragraphs 1 – 18 of Count I and Paragraph 19 of Count II are realleged as if fully set forth below.

20. The defendant Burton is liable for the unconstitutional actions of the defendant Campbell which he was in a position to intervene in or stop.

**COUNT XVIII: FAILURE TO INTERVENE OF DEFENDANT CAMPBELL:**

1. – 19. Paragraphs 1 – 18 of Count I and Paragraph 19 of Count II are realleged as if fully set forth below.

20. The defendant Campbell is liable for the unconstitutional actions of the defendant Burton which he was in a position to intervene in or stop.

**COUNT XIX: MONELL LIABILITY AS TO ETSUKO ZUCZEK, IN HER CAPACITY AS TREASURER OF THE TOWN OF WESTERLY:**

1. – 18. Paragraphs 1 – 18 of Count I are realleged as if fully set forth below.

19. The unconstitutional actions of the defendants Burton and Campbell were

MICHAEL BRADLEY • *ATTORNEY AT LAW*
39 GROVE AVENUE • WESTERLY, RHODE ISLAND 02891 • (401) 596-0808 • JURIS NO. 305353 • R.I. CODE 3551

proximately caused by the failure of the Westerly Police Department to properly train them with respect to the rights of citizens to be free from unreasonable searches and seizures, its failure to supervise them, and its tolerance, encouragement and ratification of illegal and unconstitutional police practices not only by these officers but by other officers employed by the Westerly Police Department.

20. The failure of the Westerly Police Department to provide adequate supervision and training as well as its tolerance of such illegal actions on the part of the defendants Burton and Campbell and other officers of the Westerly Police Department constitute deliberate indifference to the Constitutional rights of the plaintiff and the public at large and proximately caused the injuries to the plaintiff for which the plaintiff claims damages.

**COUNT XX: AS TO ETSUKO ZUCZEK, IN HER CAPACITY AS TREASURER OF THE TOWN OF WESTERLY – RESPONDEAT SUPERIOR:**

1. The defendant, Etsuko Zuczek, in her capacity as the Treasurer of the Town of Westerly, is vicariously liable for the tortious actions of the defendants Burton and Campbell as described in Counts III, V, VI, VII, IX, XIII, XIV, XV, XVII and XVIII pursuant to the doctrine of Respondeat Superior.

WHEREFORE: the plaintiff claims:

1. Damages;
2. Punitive damages for the reckless, willful and deliberately indifferent deprivation of the plaintiff's Constitutional rights by the defendants;
3. Attorneys fees pursuant to 42 U.S.C. §1988;
4. Punitive damages pursuant to Rhode Island Law;
5. Prejudgment interest pursuant to Rhode Island Law;
6. Prejudgment interest pursuant to Federal law;
7. Costs pursuant to Rhode Island and Federal law.

THE PLAINTIFF
WILLIAM MAYNES

BY HIS ATTORNEY

Charles Michael Bradley
39 Grove Ave.
Westerly, RI 02891
(401) 596-0808
Fed. Bar No.: 3551

**CERTIFICATION**

I hereby certify that a copy of the foregoing *Motion to Amend Complaint* with *Amended Complaint* was mailed this 31 day of May, 2005 to the following counsel of record:

Attorney Michael J. Colucci
Olenn & Penza, LLP
530 Greenwich Ave.
Warwick, RI 02886

Charles Michael Bradley