MJC:ljc 6615/5 \pleading\66155Objection

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Now come the defendants and object to the plaintiff's motion to amend his complaint. In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 6.7.05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

MJC:ljc 6615/5 \pleading\66155Memorandum

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM MAYNES :
:
VS. : C.A. NO. 04-276T
:
ARTHUR BURTON, ET AL :

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTION TO AMEND**

On or about May 31, 2005, the plaintiff filed a motion to amend his complaint. The proposal adds eight new counts, none of which state actual causes of action. Rather, they, for the most part, state claims for punitive damages (six of the proposed counts) or otherwise merely contain factual allegations that may otherwise support a constitutional deprivation. This is further detailed below.

Complaints are theoretically supposed to contain short and plain statements of the case. The plaintiff's original complaint was unnecessarily lengthy and redundant in some places. The proposed complaint goes beyond that and makes it anything but a short and plain statement.

**ORIGINAL COMPLAINT BREAKDOWN**

Ct. I - Constitutional Violations - Burton and Campbell

Ct. II - Negligent Infliction of Emotional Distress - Burton

Ct. III - Negligent Infliction of Emotional Distress - Campbell

Ct. IV - Intentional Infliction of Emotional Distress - Burton

Ct. V - Intentional Infliction of Emotional Distress - Campbell

Ct. VI - False Imprisonment - Burton

Ct. VII - False Imprisonment - Campbell

Ct. VIII - Assault and Battery - Burton

Ct. IX - Assault and Battery - Campbell

Ct. X - Monell Liability - Town of Westerly

Ct. XI - Negligence (handcuffing) - Burton

Ct. XII - Respondeat Superior Liability - Town of Westerly

**PROPOSED AMENDED COMPLAINT**

All of the above counts from the original complaint are contained in the proposed amended complaint and, but for Count I, have been renumbered. The new, additional counts are as follows:

Count II - Civil Rights - Punitive Damages - Burton and Campbell

Count IV - Assault and Battery - Punitive Damages - Burton

Count VI - Assault and Battery - Punitive Damages - Campbell

Count VIII - False Imprisonment - Punitive Damages - Burton

Count X - False Imprisonment - Punitive Damages - Campbell

Count XVI - Negligent (handcuffing) - Punitive Damages - Burton

Count XVII - Failure to Intervene - Burton

Count XVIII - Failure to Intervene - Campbell

What can be gleaned from the above proposed amendments is that proposed Counts II, IV, VI, VIII, X, and XVI, do not state separate causes of action but, rather, seek to create new causes of

action that do not exist under current law. For example, an assault and battery count is certainly a viable cause of action and, in some circumstances, punitive damages may be awarded if such an allegation is sustained. That does not, however, create a new cause of action which the plaintiff labels as Assault and Battery - Punitive Damages. The same can be said for the remaining proposed counts which take the original pled count, adds "Punitive Damages" to the title and lists it as a separate count.

The same can be said for proposed Counts XVII and XVIII. While the defendants recognize that the failure to intervene, under certain circumstances, can be a basis to sustain a civil rights violation, it is not, in and of itself, a separate cause of action. Rather, it is part, if it is anything, of the plaintiff's §1983 count.

Accordingly, the gist of the defendants' objection is that the plaintiff's motion to amend would ultimately amount to an exercise in futility and would unnecessarily complicate the underlying complaint in this action. Therefore, your defendants respectfully request that the motion to amend be denied.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 6 . 7 . 05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891