UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WILLIAM MAYNES            :
                          :
v.                        :        C.A. No. 04-276T
                          :
ARTHUR BURTON, et al.     :

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Quash Subpoena and for Protective Order (Document No. 37) filed by R. Gary Clark, Tax Administrator for the State of Rhode Island pursuant to R.I. Gen. Laws § 44-19-30. The Motion was filed in connection with a subpoena and records keeper deposition notice served on the Rhode Island Division of Taxation issued by Plaintiff's attorney. The subpoena seeks "copies of any paperwork referable to an automobile transaction between Renskip Motor Sales, Inc. and Shawn Lacey concerning a 1998 Porsche Carrera, model 942, V.I.N. WTOCA2998W8340842." This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule 32(b). A hearing was held on July 14, 2005. Counsel for Plaintiff and Defendants were present at the hearing as well as counsel for the Tax Administrator. Although Mr. Lacey, a Westerly Police Sergeant, was not present at the hearing, Defendants' attorney indicated that Mr. Lacey had notice of the proceeding and that he was representing Mr. Lacey in the matter.

This is a Section 1983 civil rights action arising out of a traffic stop of Plaintiff by members of the Westerly Police Department. Sergeant Shawn Lacey is not a defendant in this case and was not directly involved in the traffic stop. Sergeant Lacey apparently conducted an internal investigation of Plaintiff's civilian complaint concerning the stop, and, during the course of that investigation, he interviewed Plaintiff and later prepared a written report regarding his investigation

and interview of Plaintiff. Defendants have indicated that Sergeant Lacey will likely be called as a witness in support of their defense. Plaintiff indicates that the credibility of Sergeant Lacey is implicated by his report because Plaintiff disputes some of the assertions attributed to him by Sergeant Lacey in the report.

Through the subpoena, Plaintiff seeks a copy of a motor vehicle sales tax return regarding the 1998 Porsche purchased by Sergeant Lacey from a dealership known as Renskip Motor Sales which was formerly operated by Mr. Renato Garcia, a felon convicted in this Court last year of money laundering. In a nutshell, Plaintiff asserts that he has a good faith suspicion that the value of the Porsche may have been understated to State tax officials, and thus, resulted in a sales tax savings to Sergeant Lacey. In support of his suspicions, Plaintiff's counsel has provided the Court with a Rhode Island Department of Motor Vehicle registration form which shows that Sergeant Lacey paid $530.00 sales tax on the vehicle. This would equate to a sales price of less than $8,000.00, given Rhode Island's 7% sales tax rate. Plaintiff's counsel also represented to this Court that records from an insurance dispute pursued by Sergeant Lacey in Rhode Island Superior Court indicate that he received over $50,000.00 for the Porsche after it was destroyed in a fire. Plaintiff asserts that he needs to review the sales tax return to confirm or deny his suspicions, and thus, determine whether or not this issue presents an avenue to attack the credibility of Sergeant Lacey at trial. In response, Defendants' counsel, on Sergeant Lacey's behalf, strenuously objected to production, arguing that the evidence is plainly extrinsic and that it would be inadmissible under Fed. R. of Evid. § 608(b).

In applying the balancing test established by the Rhode Island Supreme Court in DeBiasio v. Gervais Elec. Corp., 459 A.2d 941 (R.I. 1983) for the disclosure of tax returns, this Court determines that Plaintiff has made a sufficient showing of need and relevance under the broad

standard of Fed. R. Civ. P. 26(b)(1) to warrant an order requiring disclosure of the motor vehicle sales tax return in question. This Court, of course, is making no finding as to the admissibility of this document at trial, or the appropriateness of any questioning of Sergeant Lacey at trial regarding this information. That is a matter best left to Chief Judge Torres to address during the course of the trial. Plaintiff has, however, made a sufficient preliminary showing of need in order to obtain a copy of the motor vehicle sales tax return from the Tax Administrator.

At the hearing, counsel for the Tax Administrator indicated to the Court that he had two documents responsive to the subpoena. The first was a motor vehicle sales tax return which was signed by both the dealer and the purchaser and contains information regarding the sales price and tax paid for the vehicle. The document also included Sergeant Lacey's home address and social security number. The second document was an internal document which did not include any signatures and merely summarized the same information contained in the motor vehicle sales tax return. It also included information regarding a number of other taxpayers which had absolutely no relevance to this case.

For the reasons discussed above, the Tax Administrator's Motion to Quash and for Protective Order is DENIED (Document No. 37) and the Tax Administrator is ORDERED to produce the motor vehicle sales tax return presented to the Court to counsel for Plaintiff and counsel for Defendants. The Tax Administrator is not ordered to produce the second internal document. In addition, as noted at the hearing, the Tax Administrator shall redact Sergeant Lacey's address and social security number from the motor vehicle sales tax return prior to producing it to counsel for Plaintiff and counsel for Defendants in this case. Further, both counsel for Plaintiff and counsel for

Defendants are ORDERED to maintain the confidentiality of this motor vehicle sales tax return and to use it only for purposes of litigating this case and not produce the document to any third parties.

Finally, this Order of Production is STAYED for ten days in order for Sergeant Lacey to be advised of his appeal rights by Defendants' counsel and determine whether or not he wishes to appeal my ruling to Chief Judge Torres. Defendants' counsel shall advise this Court in writing within ten days as to whether or not Sergeant Lacey intends to appeal this Order.[1] If Sergeant Lacey does not appeal this Order, the Court will issue an Order specifically instructing the Tax Administrator to produce the motor vehicle sales tax return in question pursuant to the conditions set forth above. If Sergeant Lacey appeals this Order to Chief Judge Torres, this Order will remain stayed until further action of Chief Judge Torres on the appeal.

/s/ Lincoln D. Almond
_____
LINCOLN D. ALMOND
United States Magistrate Judge
July 15, 2005

---

[1] A Magistrate Judge's Orders on nondispositive matters such as this may only be overturned by the District Court where they are "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A); Local R. 32(b)(2).