MJC:mes 6615/5 \pleadings\66155mlimine.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**DEFENDANTS' MOTION IN LIMINE**
**RE: OTHER COMPLAINTS OF MISCONDUCT**

Now come the defendants and move, in limine, that the plaintiff be precluded from offering any evidence and/or making any reference to other complaints of misconduct allegedly involving the defendant police officers or members of the Westerly Police Department in general. In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 10/4/05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

Maureen E. Sundin

MJC:mes 6615/5 \pleading\66155memo.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: OTHER COMPLAINTS OF MISCONDUCT**

During the discovery of this action, it was disclosed that the defendant, Arthur Burton, had been disciplined during his career for his manner of operation of police vehicles while on duty. As a result, Burton received a letter of reprimand and two one-day suspensions (one without pay). Neither defendant Burton nor defendant Campbell, have ever had any complaints filed against them for alleged abuse to the citizenry.

The defense moves, in limine, that such matters not be referenced during the trial of this matter. For those complaints which remain pending or which were never adjudicated, that, in and of itself, is reason enough to exclude the same as it will require trials within this trial, in order for the defendants to clarify and/or defend themselves on the matters. As to those matters which have been adjudicated, likewise, no reference should be made to the same because it brings before the jury improper "character" evidence.

Such evidence would be clearly impermissible under Rule 404, see *Tigges v. Cataldo*, 611 F.2d 936 (1st Cir. 1979). At issue in the *Tigges* case was the plaintiff's right to cross-examine a defendant police officer on certain of his interrogatory answers concerning internal procedures for

abuse of authority and whether or not the officer had prior charges against him, and if so, what they were. Using strong language that past disciplinary proceedings against a police officer are not admissible, the *Tigges* court ruled that the inquiry in question would have thrust before the jury the otherwise inadmissible issue of a police officer's past disciplinary record which would have been highly prejudicial to him. The court ruled that the evidence was nothing more than an attempt to show the bad character of the police officer and to show that he acted in conformity therewith, Id. at 938 and 939.

In *Brooks v. Schieb*, 813 F.2d 1191 (11th Cir. 1987), the court refused to allow evidence of ten prior citizen's complaints that had been lodged against one of the defendant police officers. There, the court stated that courts traditionally harbor strong misgivings about allowing allegations of past wrongdoings to bias judges and juries harboring new charges, *Id.* at 1194. The court also noted that the relevance of past complaints against police officers is especially dubious since officers in high crime areas attract a greater number of citizen's complaints, *Id.*

Nor should the plaintiff be allowed to use such prior complaints in an attempt to establish the municipal liability of the defendant Town. The fact that prior complaints have been filed, in and of itself, is insufficient to establish municipal liability in the case at bar. To establish a policy of allowing police abuse, the plaintiff would first have to show that the defendant Town consistently ignored, disregarded or otherwise showed indifference to other complaints of abuse made against its police officers. Unless and until the plaintiff can establish the same, evidence simply of the existence of other complaints against the defendant Town, or the police officers herein, would do nothing more than confuse the issues, mislead the jury and substantially prejudice the defendants here.

To this day, this Circuit continues to favor the non-admissibility of such evidence in these