MJC:mes 6615/5 \pleading\66155mlimine.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM MAYNES :
:
VS. : C.A. NO. 04-276T
:
ARTHUR BURTON, ET AL :

**DEFENDANTS' MOTION IN LIMINE RE SGT. LACEY AND PURCHASE OF AN AUTOMOBILE**

Now come the defendants and move, in limine, that the plaintiff be precluded from offering any evidence and/or making any reference to a certain purchase of an automobile by a witness in this matter, Sgt. Shawn Lacey, from an entity known as Renskip Auto Sales and/or Renato Garcia. The defendants also move to preclude introduction or reference to any evidence regarding related filings with the State of Rhode Island for purposes of registration and/or taxation, stemming from the said automobile sale. In support hereof, your defendants have attached a memorandum of law.

DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 10/4/05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

Maureen E. Lundin

MJC:mes 6615/5 \pleading\66155Memorandum2.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM MAYNES | : | |
| | : | |
| VS. | : | C.A. NO. 04-276T |
| | : | |
| ARTHUR BURTON, ET AL | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE SGT. LACEY AND PURCHASE OF AN AUTOMOBILE**

The plaintiff's complaint alleges an unlawful traffic stop by defendant police officers Arthur Burton and James Campbell in December, 2003. As part of the processing of a citizen's complaint made by the plaintiff, Lacey engaged in a mediation-like role by bringing the parties together in an attempt to resolve the complaint to everyone's satisfaction. It appeared that he had been successful in doing that. However, that all changed when the plaintiff filed the within lawsuit.

Although Lacey possesses no personal knowledge of the factual circumstances occurring at a traffic stop, the defense intends to call Lacey as a witness as to admissions made to him by the plaintiff during their meeting.

According to the plaintiff, he has some information that may suggest a fraudulent registration of an automobile purchased from an entity known as Renskip Auto Sales. In essence, the plaintiff has indicated that the actual net sales price of the vehicle was understated leading to a smaller sales tax liability for Lacey. Lacey has testified, via deposition, that he signed the registration and related papers in blank, and that the auto dealer in question, during the performance of its "courtesy registration service" completed the figures and submitted the paperwork with the applicable state

divisions. Lacey testified that while negotiating the final price of the vehicle, which included a trade-in of substantial value, he simply inquired as to what the "bottom line" dollar amount would be that would be needed to complete the sale. A bank check was then provided in that amount followed by a personal check (requested by the dealer), left blank and made payable to the DMV, so that the dealer could satisfy additional fees needed in order to complete the registration process.

It goes without saying that the issue of Lacey's purchase and registration of the automobile is a matter which is collateral to the case at bar. A matter is considered collateral if "the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness." *U.S. v. Marino,* 277 Fed.3d 11, 24 (1st Cir. 2002), citing *U.S. v. Beauchamp*, 96 Fed.2d 1, 3 (1st Cir. 1983).

The plaintiff does not suggest that Lacey has been convicted of any crime related to this automobile transaction and thus, he could not impeach Lacey via Rule of Evidence 609. Moreover, because the alleged automobile transaction is not even remotely related to the plaintiff's allegations against the defendants, it could never qualify as a prior bad act which might be admissible through one of the exceptions to Rule of Evidence 404. The only possible way that the plaintiff might be able to admit evidence of the purported fraudulent transaction would be through Rule of Evidence 608(b), and that would be at the discretion of the trial judge. However, that same rule, on its face, specifically provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting a witness' character for truthfulness, other than conviction of crime as provided in Rule 609, ***may not be proved by extrinsic evidence*** . . ."

This rule is right in line with the "well established" principle that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral matter. *Beauchamp*, 986

Fed.2d at 3. Thus, it is often stated that when a witness testifies to a collateral matter, the examining party "must take the answer," i.e. the examiner may not disprove it by extrinsic evidence. *Id.*

Initially, the trial court has the discretion whether or not to permit any inquiry, even that limited inquiry that might be permitted by Rule 608(b). Lacey has denied any illicit involvement in this transaction, when he testified at his depositions.

At best, the plaintiff might be permitted to ask Lacey, on cross-examination only, whether he misrepresented matters in his registration of the motor vehicle. The plaintiff asked Lacey that question and that question was answered by Lacey, albeit in the negative. As expressly provided for in Rule of Evidence 608(b), and as stated in the well settled rule spoken of in the *Beauchamp* decision, the plaintiff "must take" that answer and cannot disprove it by extrinsic evidence. The purpose of Rule 608(b)'s prohibition of extrinsic evidence is to avoid holding mini trials on irrelevant or collateral matters. *Beauchamp* at 4, citing *U.S. v. Ciampaglia*, 628 Fed.2d 632, 641-42 (1st Cir., *cert. denied*, 449 U.S. 956) (1980).

Accordingly, this court should exercise its discretion and not permit any inquiry at all on this subject matter. It is clearly a collateral matter. In two depositions, Lacey has denied any illicit involvement in the transaction. To permit even the limited question permitted by Rule 608(b) when the answer is already known (a short voir dire could be conducted to confirm the answer would be same) unduly prejudices the defense, as the question itself is quite inflammatory.

WHEREFORE, your defendants respectfully request that this motion in limine be granted and that no questioning be permitted on this subject matter and that should the Court permit inquiry as allowed by Rule 608(b), then the rule should be strictly followed, prohibiting the plaintiff from introducing or referencing any questions relating to extrinsic evidence of the purchase.

Respectfully submitted,
DEFENDANTS,
By their Attorney,

Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 10/4/05 to:

Charles Michael Bradley, Esq.
39 Grove Avenue
Westerly, RI 02891

Maureen E. Lundin